UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1598

JYOTI JAGTIANI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General; TOM
RIDGE, Secretary, Department of Homeland
Security; BUREAU OF CITIZENSHIP AND
IMMIGRATION SERVICES,

Respondents.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A77-041-167)

Submitted: March 30, 2005          Decided: April 21, 2005

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Arturas Overas, Mark Urbanski, LAW OFFICES OF HYDER & OVERAS,
Richmond, Virginia, for Petitioner.  Peter D. Keisler, Assistant
Attorney General, David V. Bernal, Assistant Director, S. Nichole
Nardone, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jyoti Jagtiani, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals affirming without opinion the Immigration Judge's denial of her application for cancellation of removal. Jagtiani, who is here illegally, was convicted on May 9, 2001, of making a false statement on an application for a passport pursuant to 18 U.S.C.A. § 1542 (West 2000 & Supp. 2004). The offense conduct that resulted in the conviction took place in 1991. Jagtiani was served with a Notice to Appear charging her with removability in December 2001.

Jagtiani does not dispute the IJ's finding that she is ineligible for cancellation of removal due to her conviction. Rather, Jagtiani contends that her right to due process was violated because she was not permitted the opportunity to apply for suspension of deportation, a form of relief that was eliminated and replaced by cancellation of removal effective April 1, 1997. She further asserts that she should have been placed in deportation proceedings back in 1991 at the time of her offense conduct because she could have applied for, and would certainly have been granted, suspension of deportation.

We have considered Jagtiani's due process claim and conclude that it is without merit. See Appiah v. INS, 202 F.3d 704, 708-10 (4th Cir. 2000). Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal

- 2 -

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED